UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO ESPEJEL,

                Plaintiff,

-against-

BISTRO MARKETPLACE 17, INC., dba CAFE BISTRO, and PETER PARK and WON SUN CHUN, individually,

                Defendants.

GUSTAVO GUZMAN, JAVIER SOTO, and DIEGO VIDAL,

                Plaintiffs,

-against-

BISTRO MARKETPLACE 17, INC., dba CAFE BISTRO, and PETER PARK and WON SUN CHUN, individually,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2018

16 Civ. 7205 (AT)
16 Civ. 6530 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant Won Sun Chun and Plaintiffs Antonio Espejel and Javier Soto move for approval of two settlement agreements in these consolidated FLSA actions. The first motion seeks approval of a settlement between Espejel and Won Sun Chun. Espejel Mot., 16 Civ. 7205, ECF No. 39. The second motion seeks approval of a settlement between Soto and Won Sun Chun. Soto Mot., 16 Civ. 6530, ECF No. 50. For the reasons stated below, both motions are DENIED without prejudice.

    I.    Legal Standard

    FLSA settlements must be approved by the Department of Labor or a United States district court when the settlement amount is lower than the plaintiff's potential recovery under the statute. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must satisfy the Court the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts

> consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award . . . . In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.  Analysis

The proposed settlement agreements in both cases contain multiple defects that preclude Court approval.

A.  Inclusion of Non-Moving Parties

First, both proposed settlement agreements bind parties who have not moved for settlement approval. In December 2017, the parties reached global settlements in both of the consolidated cases. Dec. 8, 2017 Status Report, 16 Civ. 7205, ECF No. 31. However, in January 2018, before moving for approval of those agreements, Defendants Bistro Marketplace 17, Inc. ("Bistro") and Peter Park repudiated the agreements due to purported financial difficulties. Jan. 8, 2018 Cooper Letter, 16 Civ. 7205, ECF No. 34. Shortly thereafter, Won Sun Chun notified the Court that he still wished to proceed with settlement, Jan. 16, 2018 Cooper & Lee Letter, 16 Civ. 7205, ECF No. 37, and he subsequently filed, jointly with Soto and Espejel,[1] the approval motions now before the Court.

The agreements the parties have submitted for approval, however, appear to be the original global settlements, not individual agreements between Won Sun Chun and Soto and Espejel—they include numerous terms that bind Bistro and Park as well as Plaintiffs Gustavo Guzman and Diego Vidal, none of whom have moved for settlement approval here. For example, the proposed agreement in 16 Civ. 6530 requires Bistro and Park to make substantial monetary payments to Plaintiffs and binds all Plaintiffs and all Defendants to the major non-monetary terms, including the "Release of Wage Claims" and "Dismissal of the Litigation" clauses. Proposed Soto Agreement at 1–4, 16 Civ. 6530, ECF No. 50-1. The proposed agreement in 16 Civ. 7205 similarly binds all Defendants, not just Won Sun Chun, to its major non-monetary terms, including the "Release" and "Dismissal of the Complaint" clauses. Proposed Espejel Agreement at 1, ECF No. 39-1.

---

[1] Because Won Sun Chun sold the business in 2013, Espejel Mot. at 1, his settlements apply only to Plaintiffs who allege that they worked there before the sale—Soto and Espejel. 16 Civ. 6530 Compl. ¶¶ 14–19, ECF No. 1; 16 Civ. 7205 Compl. ¶¶ 12–13, ECF No. 1.

2

Because the proposed settlement agreements bind parties who did not move for settlement approval and no longer wish to be bound, the Court cannot approve the agreements as written.

### B. Attorneys' Fees

Second, in both cases, the parties fail to adequately support their applications for attorneys' fees. Both agreements allocate one-third of the settlement amount to attorneys' fees and costs. Espejel Mot. at 2; Soto Mot. at 3. The parties fail, however, to submit "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. Plaintiff's counsel in the Espejel case also fails to submit a description of his qualifications to support an appropriate hourly rate. The failure to submit such records is fatal to Plaintiffs' fee applications. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181–82 (S.D.N.Y. 2015) ("It may be that counsel's fee request is entirely commensurate with the amount of time that the lawyers spent on this case. But such determinations require evidence, and plaintiff's counsel has provided none. The fee request therefore cannot be approved."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (denying approval of FLSA settlement where the parties "allocate[d] 1/3 of the settlement amount to Plaintiff's attorneys" but "d[id] not provide the Court with any information to aid the Court in assessing the reasonableness of the fee award"). The Court cannot, therefore, approve the allocation of attorneys' fees set out in the parties' settlement approval motions.

## CONCLUSION

For the reasons stated above, the parties' motions to approve the settlement agreements between Espejel and Won Sun Chun, 16 Civ. 7205, ECF No. 39, and between Soto and Won Sun Chun, 16 Civ. 6530, ECF No. 50, are DENIED without prejudice. To cure the defects identified above, it is hereby ORDERED that, by **February 22, 2018**, the parties shall:

1. Submit revised versions of their proposed settlement agreements that contemplate settlement only between the parties who have moved for settlement approval; and
2. Submit contemporaneous billing records and, in 16 Civ. 7205, a description of counsel's qualifications and experience, to support Plaintiffs' applications for attorneys' fees.

SO ORDERED.

Dated: February 13, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge